IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                OPINION AND ORDER

          Plaintiff,

                                                10-cv-615-bbc
                                               07-cr-163-bbc

     v.

JARRETT M. JAMES,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Jarrett M. James has moved to vacate his sentence and conviction under 28 U.S.C. § 2255, alleging that he was denied the effective assistance of counsel to which he is entitled under the United States Constitution. Defendant says that counsel let him down by failing to (1) call his mother as a witness at the suppression hearing held before the United States Magistrate Judge; (2) discuss the government's plea agreement with him; (3) allow defendant to testify at trial; (4) challenge the search of defendant's safe on the ground that the federal search warrant was obtained in violation of Fed. R. Crim. P. 41; and (5) preserve an issue related to the imposition of sentence. The government concedes that challenges (2) and (3) turn on the credibility of defendant and his counsel and cannot be

1

decided without an evidentiary hearing but it argues that no such hearing is required to resolve the remaining three contentions. I agree. I will schedule an evidentiary hearing to be held on Thursday, March 10, 2011 at 9:00 a.m. Counsel will be appointed to represent defendant at the hearing, which will be limited to defendant's claims that defense counsel never told him about the government's proposed plea agreement and did not let him testify after he changed his mind about doing so at the end of the trial. The motion will be denied as to the remainder of defendant's claims will be denied, including the two he raised for the first time in his reply brief, which relate to his counsel's failure to object to the sufficiency of the indictment and to the validity of the jury instructions.


BACKGROUND

In December 2007, defendant Jarrett James was charged with two counts of armed bank robbery, two counts of brandishing a firearm during the robberies, one count of possession of cocaine base with the intent to distribute and one count of possession of a firearm in furtherance of a drug crime. Michael Lieberman, Supervising Attorney, Federal Defenders of Wisconsin, represented defendant. At an arraignment held on January 18, 2008, defendant pleaded not guilty to all the charges.

In May 2008, defendant moved to suppress evidence (a gun, cocaine, a newspaper article about the April bank robbery, receipts for more than $28,000 of items purchased by

2

defendant and a for sale sign for a Lexus that defendant bought shortly after the second robbery), all of which was obtained from a safe belonging to him that had been seized from his mother's residence in November 2006, while defendant had been incarcerated in Nebraska. The United States Magistrate Judge held an evidentiary hearing on the motion and issued a report, recommending that the district court deny the motion. The recommendation was adopted by the court. The same month, the government dismissed the drug and gun possession charges in the original indictment.

Defendant went to trial in June 2008 and was found guilty of the four counts related to the bank robberies. He was sentenced in September to a total of 42 years in prison. He received concurrent terms of 120 months on the bank robbery charges. (The guideline range for these charges was 120-150 months.) He received an additional consecutive sentence of seven years (the mandatory minimum) under 18 U.S.C. § 924(c)(A)(1)(ii) for brandishing a firearm in connection with the first bank robbery and another consecutive sentence of 25 years (the mandatory minimum) under § 924(c)(1)(C) for brandishing a firearm in connection with the second bank robbery.

Defendant took a direct appeal of his conviction and sentence, arguing that the court had erred in denying his motion to suppress the evidence obtained from the safe. The court of appeals found that his argument had no merit. When defendant left his safe with his mother, he took the risk that she might consent to its seizure. In addition, the court found

3

that his mother had actual authority to consent; even if she did not, she had apparent authority to consent in the circumstances of this case; and what is more, she gave a voluntary consent through her actions and words. The court concluded that even if the evidence should have been suppressed, the error was harmless because the other evidence against defendant was overwhelming.

## OPINION

As noted, I will schedule an evidentiary hearing on defendant's second and third claims. However, I will deny defendant's first claim as it relates to counsel's failure to call defendant's mother at the suppression hearing because it is the law of the case that defendant would have been convicted even if the hearing had resulted in the suppression of the contents of the safe that defendant had left with his mother. This means that even if defendant could show that his counsel's failure to call defendant's mother at the hearing was conduct that fell below the objective standard of reasonableness, he could not show that the failure prejudiced him. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (defendant alleging ineffective assistance of counsel must show that attorney's performance was defective *and* that defective performance prejudiced defense).

I will deny the fourth claim of defendant's motion as it relates to the contention that the search of defendant's safe violated Rule 41 of the Federal Rules of Criminal Procedure

4

for the same reason I am denying his first claim, that is, because defendant cannot show that the outcome of the case would have changed had the contents of the safe been suppressed. The claim could be denied on another ground as well, because suppression is not an appropriate remedy for violation of a criminal rule that does not have independent constitutional significance. United States v. Cazares-Olivas, 515 F.3d 726, 728 (7th Cir. 2008) ("The exclusionary rule is used only for a subset of constitutional errors."). Defendant cites two statutes, 18 U.S.C. § 3105 and 18 U.S.C. § 3107 as additional support for his claim that it was illegal for a city police officer to apply for or execute a federal search warrant, but neither of these statutes add anything to the claim. Section 3105 merely says that search warrants may be served by any officer mentioned in the warrant; § 3107 authorizes various employees of the FBI to make seizures under warrants for violation of federal laws.

I will deny the final claim of defendant's motion relating to counsel's alleged failure to preserve a sentencing issue because defendant has not shown that he was prejudiced in any respect by the failure. Defendant contended in his motion that his counsel was ineffective because he failed to argue at sentencing that 18 U.S.C. § 924(c) did not allow consecutive sentences for defendant's § 924(c) convictions because defendant was sentenced to greater minimum sentences on his bank robbery convictions. This is a relatively complex argument that arises out of the language in the preamble of § 924(c)(1)(A): "Except to the

5

extent that a greater minimum sentence is otherwise required by this subsection or by any other provision of the law," mandatory minimum sentences can be imposed for possessing a gun (5 years), brandishing a gun (7 years) and discharging a gun (10 years). In a number of cases, defendants given mandatory minimum sentences under this statute challenged the interpretation of the statute. In the vast majority of the cases, the courts of appeal read the statute as permitting the imposition of a § 924(c) consecutive sentence on a defendant convicted of a crime of violence or drug trafficking, even if that crime carried a mandatory minimum sentence. In United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), however, the Court of Appeals for the Second Circuit interpreted the statute as allowing the imposition of a consecutive § 924(c) statute only if the defendant had not been sentenced to a greater minimum mandatory sentence under § 924(c) or any other provision of the law. In other words, if the defendant had been sentenced to a mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) and was also charged with a violation of § 924(c), that defendant could not receive a seven-year sentence for brandishing a gun in connection with the drug trafficking crime.

    The result in Whitley was rejected by the Court of Appeals for the Seventh Circuit in United States v. Easter, 553 F.3d 519 (7th Cir. 2009), and definitively by the United States Supreme Court in Abbott v. United States, 131 S. Ct. 18 (2010). Thus, defendant cannot show he was prejudiced by his trial and appellate counsel's failure to preserve the

6

argument.  Moreover, defendant cannot show that his challenge would have succeeded even if the Supreme Court had adopted the Whitley approach to the statute, because the only mandatory minimum sentences that applied in his case were the ones imposed under § 924(c).  He would not come under the "except" clause of the statute under any reading of it.  Defendant was sentenced for the bank robberies under 18 U.S.C. § 2113(a) and (d), which carry possible sentences of up to twenty years under subsection (c) and up to 25 years under subsection (d).  They carry no mandatory minimum sentences.

Defendant raised two new issues in his reply brief:  that counsel failed to object to the insufficiency of the § 924 charges in the indictment and to the jury instructions that contained a similar error.  Ordinarily, claims raised for the first time in a reply brief are not given any consideration by the court.  In this instance, though, I will explain why the issues have no merit.

As I understand defendant's first claim, he is saying that the charges in counts 2 and 4 that he "knowingly and intentionally brandished a firearm, during and in relation to a crime of violence . . . ." did not use the proper language for such charges, but used "an intermix of elements from the two distinct offenses listed in § 924(c)(1)(A)'s enhancement section."  Dft.'s Reply Br., dkt. # 15.  Defendant is wrong about § 924(c); it is not an enhancement section.  Easter, 553 F.3d at 526 ("section § 924(c) does not define an enhancement[;] it defines a standalone crime") (citing Harris v. United States, 536 U.S. 545,

553 (2002)). It is clear from the statute that "brandishing" a firearm in relation to any crime of violence or drug trafficking crime, is the crime prohibited under § 924(c). If defendant is suggesting that the charges referred to both brandishing and possession of a firearm, he is wrong. The two § 924(c) counts refer only to brandishing.

Defendant's second newly added claim is a minor variation on his first one. He contends that it was error for the court to instruct the jury that he was charged in counts 2 and 4 with brandishing a firearm because brandishing is not a crime but an enhancement. As explained above, that argument has been definitively refuted by the court of appeals in Easter.

ORDER

IT IS ORDERED that defendant Jarrett M James's motion for post conviction relief is DENIED on his claims that his trial counsel failed to call defendant's mother as a witness at the suppression hearing held before the United States Magistrate Judge, failed to challenge the search of defendant's safe on the ground that the federal search warrant was obtained in violation of Fed. R. Crim. P. 41; and did not preserve an issue related to the imposition of sentence. It is DENIED as well on his claims that counsel did not object to the sufficiency of the indictment or the proper wording of the jury instructions. A ruling on defendant's two claims that he was never told about the plea agreement proffered by the government and that

8

his counsel did not let him testify at trial when he changed his mind about doing so is reserved until an evidentiary hearing has been held.

FURTHER, IT IS ORDERED that the clerk of court and not the Federal Defender is to appoint counsel to represent defendant in connection with the evidentiary hearing because the Federal Defender's representation of defendant is at issue.

Once counsel has been appointed, he or she is to consult with the government and the clerk of court to set a date for the evidentiary hearing.

Entered this 30th day of December, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge